**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS L. BATTLE,<br><br>Petitioner,<br><br>v.<br><br>THE STATE OF NEW JERSEY, *et al.*,<br><br>Respondents. | Civil Action No. 21-6123 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Following an order to answer, Respondents filed a response to the Petition. (ECF No. 9.) Petitioner did not file a reply. For the following reasons, this Court denies the Petition and denies Petitioner a certificate of appealability.

**I.   BACKGROUND**

In its opinion affirming the denial of Petitioner's post-conviction relief petition, the Superior Court of New Jersey, Appellate Division, summarized the factual background of Petitioner's conviction as follows:

> On March 12, 2013, [Petitioner] was indicted for first-degree murder[,] second-degree possession of a firearm for an unlawful purpose[,] and third-degree unlawful possession of a weapon[.] [Petitioner] subsequently pled guilty to one count of aggravated manslaughter . . . as charged in a superseding accusation. . . . In exchange for his guilty plea, the State dismissed the remaining charges . . . and [Petitioner] was sentenced to an aggregate twenty-year custodial sentence, with an eighty-five-percent period of parole ineligibility[.]

> . . . .
>
> At his plea hearing, [Petitioner] admitted he was guilty of the charges and stated that he entered the hallway of an apartment complex in Trenton late one night with a firearm and shot Wilfredo Rivera, Jr. He admitted that he was aware that firing his weapon at such close range would result in Mr. Rivera's death and, when he shot his weapon at Mr. Rivera, he did not care "whether he lived or died."
>
> In addition to providing that factual statement, [Petitioner] stated he understood that he would be sentenced to a twenty-year term, subject to [a parole-ineligibility period], and acknowledged [that he was giving up his right to a jury trial, the presumption of innocence, the requirement that the state prove his guilt, his right to remain silent or testify on his own behalf, a right to confront the witnesses against him, and his right to present a defense including any evidence he may have.]
>
> After further colloquy with [Petitioner], the [trial] court accepted the negotiated plea, finding that [Petitioner] entered it "voluntarily, with knowledge of the consequences."
>
> At sentencing, the court considered the arguments of counsel and statements from family members of the victim, as well as [Petitioner]. After finding [several] aggravating factors . . . and no mitigating factors, the court sentenced [Petitioner] consistent with the plea agreement. [Prior to the sentencing, Petitioner had sought to withdraw his plea claiming ineffective counsel, but thereafter retracted his request and stated that he wished to proceed with his sentencing.]

(ECF No. 16-3 at 1-4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and

Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

## III. DISCUSSION

In his habeas petition, Petitioner contends that he received ineffective assistance of plea and sentencing counsel. The standard applicable to claims of ineffective assistance of counsel is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice

4

>  prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015).

In his first claim, Petitioner asserts that his plea counsel proved ineffective in failing to fully investigate the facts of his case. Petitioner contends that had counsel investigated, he could have challenged the statements of various witnesses as inconsistent with video footage of him after the shooting insomuch as the witnesses saw Petitioner tuck a gun in his pants or saw a bulge indicative of a gun in his waistband that Petitioner does not believe reflects the video itself. Petitioner also suggests that at least one witness would have stated that Petitioner did not kill the victim, although he provides no certifications, affidavits, or physical evidence in support of any of his allegations. The state courts[1] rejected this claim, finding that Petitioner had failed to submit affidavits, certifications, or any other evidence in support of his contentions and provided only bald and conclusory allegations to support his contention that further investigation would have "discredited" or "suppressed" the witnesses against him. (*See* ECF No. 16-3 at 5.)

As one court in this District has explained,

>  [i]n *Strickland*, the Supreme Court held that trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be

---

[1] It is at best unclear whether Petitioner actually raised his investigation related claim before the Appellate Division, but it does appear that the Appellate Division agreed that this claim was without merit in light of the PCR trial court judge's decision. (*See* ECF No. 16-3 at 5-16.) To the extent this claim may be unexhausted, this Court nonetheless denies the claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).

5

directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691. "The failure to investigate a critical source of potentially exculpatory evidence may present a case of constitutionally defective representation," and "the failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness." *United States v. Travillion*, 759 F.3d 281, 293 n.23 (3d Cir. 2014) (internal quotations omitted); *see also United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (noting that a complete absence of investigation usually amounts to ineffective assistance because a counsel cannot be said to have made an informed, strategic decision not to investigate); *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980).

Where a [p]etitioner can show that counsel's failure to investigate amounts to deficient performance, he must still show prejudice. In order to do so,

> a [petitioner] basing an inadequate assistance claim on his or her counsel's failure to investigate must make "a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming admissibility in court, would have produce[d] a different result.

*United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (quoting *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987)); *see also United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) ("[w]hen a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced"); *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) ("A [petitioner] who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of [p]etitioner's case); *accord Untied States v. Garvin*, 270 F. App'x 141, 144 (3d Cir. 2008).

*Brown v. United States*, No. 13-2552, 2016 WL 1732377, at *4-5 (D.N.J. May 2, 2016).

In this matter, Petitioner has utterly failed to make a comprehensive showing that further investigation would have aided his case. Petitioner contends, based on nothing but his own bald assertion, that counsel could have "suppressed" or "discredited" witnesses who reported seeing

him leave the victim's residence while tucking a gun in his waistband. Petitioner, however, provides no basis on which they could have been suppressed, nor does he truly show that they would have been discredited. Petitioner only argues that a hall camera did not catch the exact moment when he tucked the gun—which he admitted possessing during his guilty plea—into his waistband, although at least one officer testified that he believed there was a bulge present in the video indicative of the concealed firearm. Petitioner has likewise failed to provide any sworn testimony, certification, or affidavit to the extent he contends that a witness later stated that Petitioner did not kill the victim. Petitioner has provided no evidence other than his own opinion and bald disagreement with the witnesses against him, and such bald and conclusory opinions are utterly insufficient to show that he suffered any prejudice. *Id.* As Petitioner has failed to show he was prejudiced by counsel's alleged failure to investigate, this claim is without merit and must be denied as such.

Petitioner next contends that his two appointed attorneys gave him poor advice in suggesting both that he plead guilty to manslaughter to avoid going to trial and withdraw his attempt to undo his guilty plea as they believed Petitioner had dismal chances at trial and faced a potential life sentence if convicted of murder, while the twenty year sentence that was offered was a "good" deal in light of the witnesses and evidence against Petitioner. Petitioner's claim that this was poor advice rests entirely on two assertions – his unsupported allegation that the witnesses' testimony was subject to challenge based on the unperformed investigations discussed above, and his belief that the victim's criminal history somehow mitigated his actions or amounted to a self-defense claim. The state courts rejected this claim, finding that Petitioner's own admissions during plea and PCR proceedings that, after allegedly being threatened by the victim, he left the scene to get a gun, came back, shot the victim, and was indifferent to the victim's survival, more than supported his guilt and rendered any suggestion of self-defense "not cognizable" under state law

as Petitioner was clearly free to retreat and instead returned to shoot the victim. (*See* ECF No. 16-3 at 12-13.) The Appellate Division likewise found that Petitioner faced a life sentence and a strong likelihood of conviction had he gone to trial, while the plea provided a significantly reduced twenty year sentence, and Petitioner had failed to clearly indicate the circumstances under which he would have decided to go to trial, and it was in any event not rational to do so under the circumstances. (*Id.* at 12-15.)

This decision was neither contrary to nor an unreasonable application of federal law. In applying the *Strickland* standard to plea related claims, courts must be mindful that in addressing a guilty plea, counsel is required to provide a defendant with sufficient information so that he can "make a reasonably informed decision whether to accept a plea offer," which generally requires that counsel discuss with his client the facts of the case, the likelihood of conviction at trial, and his comparative sentencing exposure under a proposed plea in relation to a sentence following a conviction at trial. *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) (quoting *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013); *see also Lafler*, 566 U.S. at 163; *Hill v. Lockart*, 474 U.S. 52, 57-58 (1985). Even if a petitioner can show that plea counsel was deficient, he must still show prejudice by providing facts which indicate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [which i]n the context of pleas [requires] a [petitioner] show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. Where a petitioner accepted a guilty plea in the underlying case, this will require that the petitioner show that, but for counsel's error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Lee v. United States*, --- U.S. ---, 137 S. Ct. 1958, 1965 (2017). Prejudice may not be premised solely on a petitioner's changed mind. To demonstrate prejudice, a petitioner

must show that a decision to reject the offered plea would have been rational under the circumstnces. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Here, the advice Petitioner alleges appears to have been accurate—Petitioner faced an uphill battle at best at trial, which could have resulted in a life sentence. Petitioner's belief that he could have raised self defense was likewise untenable, especially considering the Appellate Division's finding that self defense was not legally available under the circumstances in light of Petitioner's clear ability not to return to the victim's home with a gun after first leaving. Petitioner's chances at trial were dismal, the sentence offered in the plea was extremely favorable in comparison to a life sentence following a guilty verdict, and counsel's advice to take the plea appears to have been anything but ineffective advocacy.

Turning to prejudice, Petitioner has utterly failed to show that he was prejudiced by counsel's advice. Although Petitioner reiterates his belief that a defense could have been mounted based on his unavailable self-defense theory or his belief that the witnesses against him could have been undermined, Petitioner's own admissions during his plea and PCR proceedings confirm that the witness statements suggesting he had a gun and shot the victim were accurate, and that the video argument is largely a red herring. The evidence against Petitioner thus appears to have been considerable, the chances of a life sentence in turn considerable, and the received, plea deal sentence considerably more lenient. In light of these circumstances, and the accurate advice given by counsel, it would not have been rational for Petitioner to reject the plea in this case. In any event, Petitioner does not even allege in his habeas petition that he certainly would have proceeded to trial with "better" advice. He merely suggests that he "could have" made a different choice. Petitioner, however, does not clearly state that he definitely would have made a different plea decision with different advice. Regardless, because it is apparent that Petitioner was not given deficient advice, and any decision to reject the plea and proceed to trial would not have been

9

rational, the decision of the state courts to reject this claim was neither contrary to nor an unreasoanble application of federal law, and Petitioner has failed to show any basis for habeas relief.[2] The petition is therefore denied.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas claims are all without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

### V.   CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Although Petitioner raised an additional claim of ineffective assistance of counsel at sentencing in his PCR proceedings, he has not raised that claim in this matter. Petitioner's habeas petition includes only the two claims discussed in this Opinion, which are clearly meritless.